# EXHIBIT 12

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ENSURETY VENTURES, LLC and EGV COMPANIES, INC., <br>     Plaintiffs, <br><br> v. <br><br> COURTNEY SNYDER, a/k/a ANDREW JACKSON, et al., <br>     Defendants. | Case No. CIV-24-78-SLP |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

TO:    Records Custodian
Assurant, Inc.
Attn: Dan Lenczner
260 Interstate North Circle, SE
Atlanta, GA 30339-2210

☒*Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material which are listed on the attached **Exhibit 1**.

| Place: | Durbin, Larimore & Bialick <br> 920 North Harvey <br> Oklahoma City, OK 73102 | Date and Time: **Within fourteen (14) days of receipt** |
|---|---|---|

☐*Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 27, 2024

CLERK OF COURT

                              OR

| | *s/R. Ryan Deligans* |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's Signature* |

    The name, address, e-mail address, and telephone number of the attorneys representing Defendants Courtney Snyder, a/k/a Andrew Jackson, Natasha Snyder, Alan McCalip, Autobanc, LLC, Gold Key Warranty, LLC, d/b/a Consumer Care Direct, Final Yard Consulting, LLC, and Desert Consulting Group, LLC, who issue or request this subpoena are: R. Ryan Deligans, Lane R. Neal and Lauren N. Lenahan, Durbin, Larimore & Bialick, 920 N. Harvey, Oklahoma City, OK 73102; Telephone: 405/235-9584; E-Mail: dlb@dlb.net

**Notice to the person who issues or requests this subpoena**
    A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

#22074459.1

Civil Action No. CIV-24-78-SLP

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for (*name of individual and title, if any*) _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's Signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**
**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A)   within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B)   within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i)   is a party or a party's officer; or
(ii)   is commanded to attend a trial and would not incur substantial expense.
**(2)** *For Other Discovery.* A subpoena may command:
(A)   production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B)   inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
(A)   *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B)   *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i)   At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii)   These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
(A)   *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i)   fails to allow a reasonable time to comply;
(ii)   requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv)   subjects a person to undue burden.
(B)   *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)   disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C)   *Specking Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i)   shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii)   ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A)   *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B)   *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C)   *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D)   *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i)   expressly make the claim; and
(ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)   *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

#22074459.1

## **EXHIBIT 1**

**Definitions:**

The following definitions shall apply to all Document Requests:

1. The term "Lawsuit" shall mean and refer to Case No. CIV-24-78-SLP, styled *Ensurety Ventures, LLC and EGV Companies, Inc. v. Courtney Snyder, a/k/a Andrew Jackson, Natasha Snyder, Alan McCalip, AutoBanc, LLC., Gold Key Warranty, LLC. d/b/a Consumer Care Direct, National Administrative Service Co, LLC., Final Yard Consulting, LLC., Desert Consulting Group, LLC*, pending in the United States District Court for the Western District of Oklahoma.

2. The term "Plaintiff" or "EGV" shall mean and refer to Ensurety Ventures, LLC., EGV Companies, Inc., Patrick J. O'Brien, and Brian P. Fox and its employees, agents and representatives.

3. The term "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body or agency or instrumentality, or any other organization, business or legal entity.

4. The term "VSC" shall mean and refer to vehicle service contract.

5. The term "Seller" or "Call Center" shall mean and refer to the entity or person who originated the sale of a vehicle service contract.

6. The term "Respondent," "you," or "your" shall mean and refer to the non-party upon whom this subpoena duces tecum and request for documents was served, its employees, agents and representatives.

7. The term "Plaintiff VSC" shall mean and refer to any vehicle service contract and/or vehicle service contract program administered by or on behalf of any of the Plaintiffs, Patrick J. O'Brien, and Brian P. Fox including without limitation, EGV Companies, Inc., marketed or sold under various names including Omega Autocare, Auto Knight, and Mechanic's Choice.

8. The term "Plaintiffs Call Center" shall mean and refer to any call center owned or operated, in whole or in part, by or on behalf of any of the Plaintiffs, including without limitation, EGV Companies, Inc., Patrick J. O'Brien, and Brian P. Fox.

9. The term "Plaintiffs Campaign" shall mean and refer to any and all direct marketing campaigns, whether written or telephone, designed, implemented or undertaken by Respondent on behalf of any of the Plaintiffs, Patrick J. O'Brien and Brian P. Fox for the purpose of marketing vehicle service contracts to consumers.

10. The term "Plaintiffs Campaign Recipients" shall mean and refer to the following for each consumer or other person whom Respondent, on behalf of any of the Plaintiffs, Patrick J. O'Brien or Brian P. Fox contacted, during the Relevant Time Frame, whether in writing or by telephone, for the purpose of marketing vehicle service contracts, including:

a. The customer's name;

b. The date and method of contacting the customer; and

c. Any and all sources of the data regarding the customer, the customer's vehicle, and/or the customer's existing, expiring, or expired vehicle service contract.

11. The term "Relevant Time Frame" shall mean and refer to January 1, 2017 through the present date.

12. The term "Document(s)" shall include data or information that exists in electronic or magnetic form.

**Documents to be Produced**

1. Produce all documents sufficient to show all vehicle service contracts ("VSCs") sold by Sellers from November 1, 2019, through November 30, 2023.

2. Produce all agreements entered into between Assurant, Inc. and AutoBanc, LLC from November 1, 2019, through November 30, 2023.

3. Produce all communications between Assurant, Inc. and AutoBanc, LLC related to Omega Auto Care VSCs from November 1, 2019, through November 30, 2023.

4. Produce all data from NASC? Define better from Court?

5. Produce all communications between Assurant, Inc., Courtney Snyder and Jeff Birmes concerning or relating to RepairBanc LLC from November 1, 2019, through November 30, 2023.

6. Any and all Vehicle Identification Numbers (VINS) that have existed, been sold, cancelled, or domiciled in your FINCO system from 06/2017-11/2023 from any and all sellers that Assurant has received regardless of Administrator, including duplicate customers or customers that have had more than one contract at a time by different Sellers, VSC Providers or Administrators. Please produce in .CSV format.

2

#22074459.1